***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. Melvin Robinson, is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDOC"). Plaintiff has alleged that Correctional Officer Ard was negligent in operating a motor vehicle *Page 2 
which was transporting Plaintiff and other inmates on May 20, 2009, causing injury to Plaintiff when this vehicle collided with another.
2. It is undisputed that the prison vehicle operated by Officer Ard was carrying road crew workers when it was struck.
3. Plaintiff had been engaged in paid employment as a road crew member at the time of the incident giving rise to this claim. When the accident occurred, Officer Ard was attempting to turn the vehicle around to the opposite side of the highway to pick up signs notifying passing vehicles that there was a road crew at work along the shoulder.
4. The Full Commission finds that Plaintiff, an inmate incarcerated in the custody and control of NCDOC, was working on a job for which he was being paid when the accident occurred. The Full Commission further finds that such accidental injury arose out of and in the course of Plaintiff's employment with NCDOC.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent *Page 3 
of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the plaintiff. N.C. Gen. Stat. § 143-291(a) (2010).
4. "[T]he exclusive source of remedy for a prisoner injured while working is through the Workers' Compensation Act."Richardson v. N.C. Dep't of Correction,345 N.C. 128, 137, 478 S.E.2d 501, 507 (1996).
5. So long as a plaintiff has sustained accidental injury "arising out of and in the course of the employment" to which the inmate was assigned, such injury is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-13(c) (2007); see also Roman v.Southland Transp. Co.,350 N.C. 549, 551-52, 515 S.E.2d 214, 216 (1999) (citation omitted).
6. The Full Commission finds that Plaintiff's alleged injuries clearly "ar[ose] out of and in the course of" his assigned work duty, and that he is therefore barred from recovery under the Tort Claims Act. See Richardson,345 N.C. at 137, 478 S.E.2d at 507. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is DISMISSED WITH PREJUDICE for Plaintiff to pursue a remedy under the Workers' Compensation Act within the time period prescribed by law.
2. No costs are taxed to Plaintiff, who was permitted to filein forma pauperis.
This the ___ day of March 2011. *Page 4 
 S/___________________ PAMELA T. YOUN CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1